# CASES DECIDED

# SUPREME COURT

# TERRITORY OF HAWAII

---

## TERRITORY OF HAWAII *v.* CHOY DAN.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 31, 1910.                    DECIDED FEBRUARY 2, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

STATUTES—*license to sell fish.*
> Under Sec. 1418G., R. L. (Act 96, Laws of 1907), a license is required for the sale of fish at a fixed place of business.

### OPINION OF THE COURT BY PERRY, J.

Defendant was charged with "having at Honolulu, City and County of Honolulu, Territory of Hawaii, during one month last past, prior to and including August 30th, A. D. 1909, unlawfully and wilfully engaged in carrying on a certain business, to wit, a merchandise business, by selling fresh fish at those certain stalls numbers 11, 12 and 13 in the Honolulu Market in said City and County of Honolulu, without first obtaining a license for the carrying on of such business, he, the said Choy Dan, not being then and there a peddler of fish, fresh fruit or vegetables, contrary to the statute in such case made and pro-

vided." He demurred on the grounds that the charge does not state facts sufficient to constitute an offense and that "Sec. 1418G of Act 96 of Session Laws of 1907 for the alleged violation of which the defendant stands charged, construed together with Sec. 1418H of said act does not require a merchandise license for the sale of fish within the Territory of Hawaii." The circuit court reserved the question whether the demurrer should be sustained.

Sec. 1418G reads: "Merchandise. The annual fee for a license to sell goods, wares and merchandise shall be $25" (here follows à provision against the sale of opium, intoxicating liquors and other articles named and the statement of a penalty for sales of merchandise without a license.) Sec. 1418H reads: "Peddlers. The annual fee for a license to peddle merchandise shall be $50; providing that no license be required of persons peddling fish, fresh fruit or vegetables. A license to peddle merchandise shall authorize the owner thereof to peddle in the county which is named in the license."

Defendant's contention is that Sec. 1418G is to be read as though it contained an exemption in favor of sales of fish, or, in other words, that the word merchandise was used in that section as not including fish, the argument being that the intention to make that exemption is shown by the grant of the exemption stated in Sec. 1418H and by the repeal earlier in the same session of the legislature of Sec. 1406 of the Revised Laws requiring a fee of $10 for a license to sell salmon. Reference is also made by the defendant to the fact that the finance committee of the House based its recommendation for such repeal upon the fact that "Your committee does not approve of the imposition of a license on food stuffs confined mostly to the use of the poor" as well as upon the fact "that the amounts collected from this license are very small." In our opinion the construction thus contended for should not be adopted. The language of Sec. 1418G is clear and unambiguous. No exemption in favor of sales of fish is there stated nor does the language of the section permit of construing into it any exemption. The fact

that the proviso was inserted in Sec. 1418H has force to our minds against the construction contended for. It shows that the legislature in passing the act appreciated that the term merchandise as used in license statutes includes fish; and yet with that knowledge it failed to express any exemption in the preceding section. Nor is the distinction between the two classes of licenses unfounded in reason. A person maintaining a fixed stand, store or other place of business for the sale of fish or other merchandise is ordinarily better able financially to pay a license fee, and legislatures ordinarily have financial ability in mind when they attempt to distribute the burdens of taxation equally. It may be, too, that the legislature desired to encourage the bringing of fish, fresh fruit and vegetables to the doors of the consumers. It is true that the fee for a license to peddle merchandise is made higher than that for a license to sell merchandise at a fixed place of business, but it may well be that in that instance the desire was to protect those having an established business who would naturally contribute more to the support of the government and who have a greater financial and other interest in the country. But even if the imposition of a greater license fee in the case of peddlers of merchandise is inconsistent with the failure to exempt sales of fish from the requirement of a fee under the earlier section, that of itself is insufficient to justify the addition of an exemption purely by construction. The same is to be said with reference to the repeal of the requirement of a fee for licenses to sell salmon.

While it is always the aim of courts to so construe statutes as to carry out the intention of the legislature, that intention in order to be given effect must be expressed in the statute or reasonably appear from the language used.

We answer that the demurrer should be overruled.

*F. W. Milverton, Deputy City and County Attorney (J. W. Cathcart, City and County Attorney on the brief)* for plaintiff.

*Douthitt & Coke* for defendant.